Barnard, P. J.
The complaint avers the sale of a horse by defendant to plaintiff, with a warranty of title, and that the title failed; that the horse was-taken from plaintiff’s possession by virtue of a mortgage given by one Kugh-ler, who owned the horse when the mortgage was given. The answer avers-that the sale was made to Smith (plaintiff) and Kughler as partners; that there was no warranty of title; but admits the taking of the horse by force of the Kughler mortgage. The warranty of title was to be inferred from the sale-of the horse, and warranty of title is implied from the sale itself. McKnight v. Devlin, 52 N. Y. 399.
As to the question whether the sale was made to Smith and Kughler, and' whether Kughler was the agent of Smith in the purchase, the evidence conflicts. The plaintiff says that he bought the horse, and paid for the same. The form of the receipts support him, but Kughler was by, and in fact handed a part of the purchase price to defendant, and it was through Kughler that plaintiff obtained information that defendant had the horse for sale. It was proven that subsequently to the purchase the plaintiff conveyed one-half of the horse to Kughler’s wife, and subsequently took the title back after he heard that there was a dispute as to the title. The defendant simply states that both Smith and Kughler said they were buying the horse together; but Kughler states that in fact the horse was bought by himself and Smith, and that Smith bought one-half of him (Kughler) after he was informed by Kughler of the existence of the mortgage which took the horse. This seems so unreasonable that a finding of the jury against its credibility will not be disturbed! on appeal. The question of fact must be deemed settled by the verdict. The-exceptions are not sufficient to call for a reversal. The paramount title was. admitted.
It was improper to receive evidence of what induced the defendant to write on the receipt, “Purchased by Smith. ” The facts could be proven, and they were-fully received. The same canbesaid in respect to the striking out of the words, “for his half of the horse.” Whatever was said and done was to be received. What was inferred from what was said or done was to be excluded. This was. for the jury to find. The contents of the telegraphic dispatch sent by Kughler to-Bridgeport was not admissible against the plaintiff. It was an act between strangers to thq record. The plaintiff’s counsel probably made an inconsistent, statement upon a collateral question, namely, whether the statute law of another state is presumed to be the same as one in this state upon a given subject, and the defendant asked the court to compel the counsel to withdraw the statement. The court offered to charge what the law really was on the-subject, if requested, and declined to do more. Ho request was made, and the matter was permitted to drop. This furnishes no error upon which to-review the judgment. The judgment should therefore be affirmed, with costs. All concur.